# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* REES, Minors.

UNPUBLISHED
March 28, 2017

No. 334011
Mason Circuit Court
Family Division
LC No. 14-000062-NA

Before: STEPHENS, P.J., and SHAPIRO and GADOLA, JJ.

PER CURIAM.

Respondent father appeals as of right the trial court order terminating his parental rights to the minor children, CR, KR, and SWMR, under MCL 712A.19b(3)(c)(*i*) (conditions that led to adjudication continue to exist), (c)(*ii*) (other conditions exist), and (g) (failure to provide proper care and custody). We affirm.

## I. BACKGROUND

CR, KR and SWMR were removed from their parents care in October 2014 as a result of SWMR being born positive for cocaine and methadone. Both mother and father had a history of abusing substances. CR and KR were previously in a limited guardianship with their paternal grandmother at the recommendation of Children's Protective Services due to the parents' substance abuse. That guardianship was terminated in August 2014 and although CR and KR were able to live with father and their mother thereafter, the record evidences that they still spent a significant amount of time with their grandmother. The original petition for temporary custody alleged that father, who had prior knowledge of the mother's substance abuse issues, allowed continued contact between the mother and the children while she was under the influence of substances. The petition also alleged that father abused marijuana and alcohol. Father, who had obtained a Medical Marijuana card in September 2014, was offered services to help him maintain sobriety including referrals to Community Mental Health (CMH), Work It Out Counseling, and was required to appear at random drug screens. He was granted parenting time and was given a referral to a parent mentor. Father obtained employment, but was terminated when he neither appeared for work nor called off. A variety of sexual allegations involving CR and KR surfaced as the children attended counseling while in foster care that were not substantiated against father but which occasioned an interruption in visitation and suspension of some services.

A supplemental petition for permanent custody was filed in February 2016. At the termination hearing, the parent mentor noted little progress from father. It was reported that

-1-

father had been frustrated during several visitations and had wanted to leave and asked the parent mentor or caseworker for assistance. At the time of the termination hearing, father was without stable employment. Father's therapist explained father's sporadic participation, numerous missed appointments and eventual discharge from counseling. In its holding to terminate father's parental rights, the court noted that even after services, father was not in a position financially or emotionally to take of his children and continued to struggle with substance abuse.

## II. STATUTORY GROUNDS FOR TERMINATION

On appeal, father first argues that termination was improper because there was insufficient evidence to establish a statutory ground for termination and because termination was contrary to the minor children's best interests. We disagree. "In order to terminate parental rights, the trial court must find by clear and convincing evidence that at least one of the statutory grounds for termination in MCL 712A.19b(3) has been met," *In re VanDalen*, 293 Mich App 120, 139; 809 NW2d 412 (2011), and that "petitioner proved by a preponderance of the evidence that termination was in the children's best interests," *In re Moss*, 301 Mich App 76, 90; 836 NW2d 182 (2013). This Court reviews the trial court's determination regarding the statutory grounds and the children's best interests for clear error. MCR 3.977(K); *In re White*, 303 Mich App 701, 713; 846 NW2d 61 (2014); *In re VanDalen*, 293 Mich App at 139. "A finding is 'clearly erroneous' if, although there is evidence to support it, we are left with a definite and firm conviction that a mistake has been made." *In re HRC*, 286 Mich App 444, 459; 781 NW2d 105 (2009). "To be clearly erroneous, a decision must strike us as more than just maybe or probably wrong . . . ." *In re Sours*, 459 Mich 624, 633; 593 NW2d 520 (1999) (quotation marks and citation omitted). Further, this Court gives "deference to the trial court's special opportunity to judge the credibility of the witnesses." *In re HRC*, 286 Mich App at 459.

As a preliminary matter, we note that father's brief on appeal only addresses (c)(*i*) for this issue. That provision reads as follows:

(c) The parent was a respondent in a proceeding brought under this chapter, 182 or more days have elapsed since the issuance of an initial dispositional order, and the court, by clear and convincing evidence, finds either of the following:

(*i*) The conditions that led to the adjudication continue to exist and there is no reasonable likelihood that the conditions will be rectified within a reasonable time considering the child's age.

Father does not address (c)(*ii*) or (g) which read:

(*ii*) The parent who had the opportunity to prevent the physical injury or physical or sexual abuse failed to do so and the court finds that there is a reasonable likelihood that the child will suffer injury or abuse in the foreseeable future if placed in the parent's home.

And,

(g) The parent, without regard to intent, fails to provide proper care or custody for the child and there is no reasonable expectation that the parent will be able to

provide proper care and custody within a reasonable time considering the child's age.

Because termination of parental rights only requires a single statutory ground to be established, *In re HRC*, 286 Mich App at 461, father's failure to challenge the trial court's findings with respect to two of the three statutory grounds precludes appellate relief with respect to his challenge to the statutory grounds, see *In re JS & SM*, 231 Mich App 92, 98-99; 585 NW2d 326 (1999), overruled in part on other grounds by *In re Trejo*, 462 Mich 341, 353; 612 NW2d 407 (2000) (noting that the respondent did not challenge the statutory grounds, explaining that "[t]he failure to brief the merits of an allegation of error is deemed an abandonment of an issue," and assuming that the trial court did not clearly err in finding clear and convincing evidence of the statutory grounds for termination). Nevertheless, our review of the record indicates that the trial court did not clearly err in finding that clear and convincing evidence established (c)(*ii*) and (g) based on father's emotional instability, which included issues with frustration; his lack of involvement with the children's appointments and activities; his actions demonstrating a lack of motivation to change and acceptance of responsibility; the testimony indicating that he was not at the point where he could effectively parent the children; his failure to acquire adequate parenting skills; his failure to visit consistently; and his financial instability, occasioned by his poor decision making. Additionally, the record fully supports a finding that he is not likely to resolve these issues within a reasonable time.

### III. BEST INTERESTS

"Once a statutory ground for termination has been proven, the trial court must find that termination is in the child's best interests before it can terminate parental rights." *In re Olive/Metts*, 297 Mich App 35, 40; 823 NW2d 144 (2012). The minor child—not the parent—is the focus of the best-interest stage. *In re Moss*, 301 Mich App at 87. In making its determination, the trial court may consider factors such as "the child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, and the advantages of a foster home over the parent's home." *In re Olive/Metts*, 297 Mich App at 41-42 (citations omitted).

As father notes on appeal, the *Olive/Metts* Court held that a "trial court has a duty to decide the best interests of each child individually." *Id*. at 42. However, this Court clarified that the "decision in *In re Olive/Metts* stands for the proposition that, if the best interests of the individual children *significantly* differ, the trial court should address those differences when making its determination of the children's best interests." *In re White*, 303 Mich App at 715. This Court further explained that the decision "does not stand for the proposition that the trial court errs if it fails to explicitly make individual and—in many cases—redundant factual findings concerning each child's best interests." *Id*. at 716.

Here, although the children, who were all removed in 2014, were several years apart, they were all similarly situated and had similar needs. All three of the children were in a relative placement with father's brother and his long-term girlfriend, who expressed a willingness to adopt the children. In addition, each child's individual best interests favored permanency, stability, and finality—all of which the adoptive foster placement offered. All three children appeared to be progressing and doing well in the foster placement and were bonded with the

family. Throughout the case, father demonstrated a lack of motivation and understanding of what needed to be done in order to provide proper care for the children. After working with father, the parent mentor did not believe that he was ready to parent the children based on his frustration and lack of consistency. Moreover, the trial court acknowledged the relative placement but nonetheless found that termination was in the minor children's individual best interests. Father argues that, because KR and CR were older, he had more time to develop a bond with them. However, there was testimony that they did not want to go on visits, and any bond that was present was insufficient to overcome the remaining considerations weighing in favor of termination.

Nevertheless, father further argues that the trial court improperly relied on the fact that the children liked and wanted to continue living with their foster parents. Father maintains that the children's happiness and desire to remain in the placement are not factors in the best-interest analysis. However, the minor children are the focus of the best-interest analysis, and a relevant consideration is "the advantages of a foster home over the parent's home." In addition, father argues that the trial court lumped him and mother together, but the trial court individually discussed each parent. Accordingly, father's arguments are without merit. The trial court did not clearly err in finding that termination of father's parental rights was in each child's individual best interests. *In re Moss*, 301 Mich App at 90.

## IV. REASONABLE EFFORTS

Finally, father argues that petitioner failed to provide reasonable reunification efforts. We disagree.

Because father did not raise a challenge to the reasonableness of petitioner's efforts until the termination hearing, see *In re Frey*, 297 Mich App 242, 247; 824 NW2d 569 (2012), quoting *In re Terry*, 240 Mich App 14, 27; 610 NW2d 563 (2000), we review this unpreserved issue for plain error affecting substantial rights, *In re Utrera*, 281 Mich App 1, 8; 761 NW2d 253 (2008).

Generally, "when a child is removed from the parents' custody, the petitioner is required to make reasonable efforts to rectify the conditions that caused the child's removal by adopting a service plan." *In re Fried*, 266 Mich App 535, 542; 702 NW2d 192 (2005). A trial "court is not required to order the agency to initiate proceedings to terminate parental rights if . . . [t]he state has not provided the child's family . . . with the services the state considers necessary for the child's safe return to his or her home, if reasonable efforts are required." MCL 712A.19a(6)(c). Although the petitioner "has a responsibility to expend reasonable efforts to provide services to secure reunification, there exists a commensurate responsibility on the part of respondents to participate in the services that are offered." *In re Frey*, 297 Mich App at 248. "Not only must respondent cooperate and participate in the services, she must benefit from them." *In re TK*, 306 Mich App 698, 711; 859 NW2d 208 (2014).

On appeal, father argues that various factors beyond his control caused his non-compliance. Specifically, father notes the sexual abuse allegations against him; the delayed start with Work It Out caused by vacation plans; and changes in caseworkers, which included a caseworker with whom he did not get along. With respect to the sexual abuse allegations, father fails to articulate how they caused his non-compliance. We agree that the suspension of

parenting time had an effect on his boding with the children and did not help his difficulties with incorporating better parenting skills. However, father continued to receive services even when an investigation was pending, and, to any extent that the allegations and investigation hindered his progress, the disclosures made by KR and CR warranted investigation and do not demonstrate a failure to provide reasonable efforts.

With respect to the delayed start in Work It Out, the circumstances surrounding the delayed start and counseling in general at Work It Out are unclear from the record. In order to potentially gain clarity on the issue, we requested the transcript of the December 10, 2015 review hearing. Father failed to timely provide the transcript. Given the failure to provide the requested transcript, we could deem the issue waived on this ground alone. See *PT Today, Inc v Comm'r of Fin & Ins Servs*, 270 Mich App 110, 151-152; 715 NW2d 398 (2006) (declining to consider an issue for failure to produce a necessary record). In any event, the delayed start at Work It Out due to the vacation plans of the counselor does not compel the conclusion that petitioner's efforts were unreasonable. Father was provided with CMH services, parenting time, case management, and a parent mentor. The referral was made for family counseling, and father has not shown how an earlier start would have led to a different result. Contrary to father's argument on appeal, efforts did not cease at the December 2015 hearing. Following the December 10, 2015 hearing, the trial court specifically ordered that reasonable efforts, including counseling, continue. Father has not demonstrated plain error affecting his substantial rights. *In re VanDalen*, 293 Mich App at 135.

With respect to father's argument regarding the caseworkers, father had three assigned caseworkers. The second caseworker, who was the caseworker with whom father did not get along, eventually quit the agency. Subsequently, the first caseworker was reassigned to father's case. Father was provided with reasonable reunification efforts and the record does not demonstrate that the number of workers rendered the reunification efforts inadequate. Father's conflict with the second caseworker does not excuse his noncompliance. The trial court did not err in finding grounds for termination and that termination was in best interests of all three children. Consequently, father has also not demonstrated plain error affecting his substantial rights. *In re VanDalen*, 293 Mich App at 135.

Affirmed.

/s/ Cynthia Diane Stephens
/s/ Douglas B. Shapiro
/s/ Michael F. Gadola